UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM PHILLIPS,

                                    Plaintiff,

                                                              5:13-CV-00956
v.                                                            (GLS/TWD)

CORTLAND CITY POLICE,


                                    Defendants.
_____

APPEARANCES:

WILLIAM PHILLIPS
Plaintiff *pro se*
11 Greenbush Street
Cortland, NY 13045


**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## <u>ORDER AND REPORT-RECOMMENDATION</u>

The Clerk has sent this *pro se* Complaint together with an application to proceed *in forma pauperis* to the Court for review.  (Dkt. Nos. 1 and 2.)  Plaintiff William Phillips has commenced this civil rights action against the Cortland City Police Department pursuant to 42 U.S.C. § 1983.[1]  For the reasons that follow, I grant Plaintiff's application to proceed *in forma pauperis*

---

[1] Plaintiff has filed two additional § 1983 actions. They are *William Phillips v. New York State, et al.*, No. 5:13-cv-00927 (DNH/TWD) and *William Phillips v. Cortland County Sheriff's Department*, No. 5:13-cv-00955 (LEK/TWD).   There is insufficient factual content in any of the three complaints to conclude with certainty that the suits are related.

In his suit against New York State and the Cortland County District Attorney, Plaintiff has included no factual allegations as to New York State.  He claims that the District Attorney used false statements in a court of law.  More specifically, Plaintiff contends that the District Attorney continued to use the victim's statement in court even though he knew it was false.  I

and recommend the *sua sponte* dismissal of his Complaint with prejudice.

## I.    ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that Defendant Cortland City Police Department did not allow him to press charges against others who had done him wrong. (Dkt. No. 1 at ¶ 4.) Plaintiff seeks damages in the amount of $200,000,000. *Id.* at ¶ 6.

## II.    PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

A court may grant *in forma pauperis* status if a party "is unable to pay " the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's *in forma pauperis* application, I find that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is granted.

## III.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii)

---

have recommended dismissal of Plaintiff's Complaint with prejudice in that case because his claim against New York State is barred by the Eleventh Amendment, and the District Attorney is entitled to absolute prosecutorial immunity with regard to Plaintiff's claim.

In his suit against the Cortland County Sheriff's Department, Plaintiff alleged that he was subjected to cruel and unusual punishment when the Sheriff's Department knowingly placed his life in jeopardy by informing inmates why he was in jail. I have recommended that the Plaintiff's Complaint in that case be dismissed because the Sheriff's Department, as an administrative arm of Cortland County, cannot be sued, and Plaintiff failed to state a claim against Cortland County. I have, however, recommended that the dismissal be without prejudice, and that Plaintiff be given an opportunity to file an amended complaint naming as defendants the individual members of the Sheriffs Department allegedly involved in telling other inmates why Plaintiff was in jail and setting forth factual allegations sufficient to state a claim under § 1983.

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court

3

must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## IV.     ANALYSIS

To state a claim under Section 1983, a plaintiff must allege that the challenged conduct (1) was "committed by a person acting under color of state law," and (2) "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)), *cert. denied*, ___ U.S. ___, 131 S. Ct. 158 (2010)).

Plaintiff has sued the Cortland City Police Department. Pursuant to the Charter of the City of Cortland, Article XII, § C12-1, the Defendant Police Department is a department of the

City of Cortland.[2] "[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore cannot sue or be sued." *Davis v. Lynbrook Police Dept.*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (internal citations omitted); *see also Robischung-Walsh v. Nassau County Police Dept.*, 699 F. Supp. 2d 563, 565 (E.D.N.Y. 2010), *aff'd*, 421 F. App'x 38 (2d Cir. 2011). Because the Defendant Police Department is an administrative arm of the City of Cortland, it lacks the capacity to be sued. *Davis*, 224 F. Supp. 2d at 477; *Carthew v. County of Suffolk*, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010). Thus, Plaintiff's claim against the City of Cortland Police Department is not plausible because the named Defendant has no legal, separate identity apart from the City of Cortland. For that reason, I recommend that the claim be dismissed.

Because Plaintiff is proceeding *pro se*, I will construe his Complaint as being brought against the City of Cortland for purposes of my initial review. "[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). To succeed on a § 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008), *cert. denied*, 558 U.S. 933 (2009).

Plaintiff's Complaint is devoid of factual allegations suggesting that an official policy of

---

[2] Courts may take judicial notice of "matters of public record such as state statutes, city charters and city ordinances." *Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977).

the City of Cortland caused Plaintiff to be denied the opportunity to press charges against those whom he believes did him wrong. Under § 1983, governmental bodies are not vicariously liable for the actions of their employees, *Connick v. Thompson*, ___ U.S. ___, 131 S. Ct. 1350, 1359 (2011), and Plaintiff has failed to name as defendants any individual members of the City of Cortland Police Department who were personally involved in denying his request to press charges against those who had done him wrong.

Moreover, "there simply is no constitutional right to press criminal charges against another individual." *Sipe v. Harder*, No. 9:08-CV-1365 (FJS/ATB), 2010 WL 3418382, at *12, 2010 U.S. Dist. LEXIS 88416, at *39 (N.D.N.Y. Aug. 4, 2010)[3] (citing *Marsh v. Kirschner*, 31 F. Supp. 2d 79, 81 (D. Conn. 1998)); *see also Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (per curiam) (inmates claiming they were needlessly beaten by guards during a prison uprising lacked standing to challenge state officials' opposition to application for criminal arrest warrants against guards); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Sattler v. Johnson,* 857 F.2d 224, 227 (4th Cir. 1988) ("Sattler's counsel suggested that Sattler had an enforceable right as a member of the public at large and as a victim to have the defendants criminally prosecuted . . . . There is, of course, no such constitutional right . . . ."). Accordingly, Plaintiff's claim that Defendant refused to press charges against those who wronged him provides no basis for a § 1983 claim, and I recommend dismissal of the Complaint.

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without

---

[3] Copies of unreported cases cited herein will be mailed to Plaintiff as a *pro se* litigant. *See Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

granting leave to amend at least once if there is any indication that a valid claim might be stated. *Gomez*, 171 F.3d at 795. However, the Court is not required to grant leave to amend where it appears that amendment would prove to be unproductive or futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *see also Cuoco,* 222 F.3d at 112 (an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."). Because Plaintiff cannot state a cognizable § 1983 claim against the City of Cortland Police Department or the City of Cortland for refusal to allow him to press charges against those who wronged him even if allowed to replead, I recommend that dismissal of the Complaint be with prejudice.[4]

  **ACCORDINGLY**, it is hereby

  **ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

  **RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be dismissed with prejudice; and it is hereby

  **ORDERED** that the Clerk's Office provide Plaintiff with copies of all unpublished decisions cited herein.

  Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

---

[4] Since there is no constitutional right to press criminal charges against another person, suing individual members of the City of Cortland Police Department under § 1983 would not correct the deficiencies in Plaintiff's Complaint.

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72.


Dated: September 30, 2013
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge